IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY FLORIDA
CIVIL DIVISION

MANINDER K. CHAWLA

    Plaintiff,

v.                              CASE NO.: 10001149

STARBUCKS COFFEE COMPANY,      DIVISION F

    Defendant.
_____/

RECEIVED AND FILED

**COMPLAINT**      JAN 2 1 2010

COMES NOW, Plaintiff, MANINDER K., CHAWLA by and through the undersigned CLERK OF CIRCUIT COURT HILLSBOROUGH COUNTY, FL counsel and sues the Defendant, STARBUCKS COFEE COMPANY (hereinafter STARBUCKS) and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages in excess of $15,000.00.

2. Venue lies within Hillsborough County because a substantial part of the events giving rise to this claim arose in this Judicial District.

**PARTIES**

3. Plaintiff is a citizen and resident of Hillsborough County, Florida.

4. STARBUCKS, is a Corporation and authorized and doing business in Hillsborough County, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## GENERAL ALLEGATIONS

6. At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's State and Federal protected rights.

7. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTS

9. Plaintiff was hired by Defendant in New York as a store manager in 2004. Plaintiff was transferred to a store in Brandon, Hillsborough County Florida on or around February 2005 as a store manager.

10. Defendant employs over fifty (50) employees within a seventy-five (75) mile radius of the Brandon, FL store.

11. On or about January, 2009, Alyssia Totten, became the new District Manager for the Brandon and Lakeland area.

12. On or about April 15, 2009, Plaintiff was given a second Starbucks Store to manage in the Brandon Mall.

13. On or about December 2008, Plaintiff informed her District Manager, Alyssia Totten and Regional Manager, Dan Rush that she was three months pregnant.

14. On or about May 16, 2009, Plaintiff left to work to go to the emergency room due to complications of her pregnancy. She was in the emergency room for three –four hours for tests. The doctor advised Plaintiff that because she was pregnant she would need to get extra rest and to work less hours on her feet. Plaintiff informed District Manager, Alyssia Totten of the doctor's recommendations.

2

15. Instead of working less hours, District Manager, Alyssia Totten, assigned Plaintiff a third store to manage until they could hire a new store manager.

16. In order to manage three stores, Plaintiff worked approximately seventy (70) hours a week.

17. On or about the first week of June, 2009, while working, Plaintiff passed out on the floor. After being revived, Plaintiff went to her obstetrician and was given a doctors note tha she needed to work less hours and to take more breaks, which she immediately faxed to her District Manager, Alyssia Totten.

18. Rather than accommodating Plaintiff, on or about July 28, 2009, during a scheduled meeting between Plaintiff and her District Manager, Alyssia Totten, Plaintiff was told that she did not know how to manage her employees and or how to train her employees. Plaintiff was also advised that she needed to push sales and meet promotional goals.

19. On or about July 29, 2009, Plaintiff, while at work, passed out on the floor. She went to her doctor who ran tests. The tests results would be in on July 31, 2009.

20. On or about July 30, 2009, Plaintiff returned to work and advised Alyssia Totten what had happen, that tests were being run and the results were due in the next day. Plaintiff was diagnosed with Beta Thalassemia (anemia). The doctor advised Plaintiff to take bed rest and wrote a prescription stating that she needed to stop working.

21. On or about August 3, 2009, Plaintiff went to work to advise District Manager, Alyssia Totten of the doctors finding and to give her the prescription for leave of work. The conversation was confrontational and Plaintiff defended several accusations by Alyssia. Alyssia then told Plaintiff to go home for three (3) days she needed to investigate.

22. Before leaving the meeting, Plaintiff gave the doctors note District Manager,

3

Alyssia Totten, that she was to be on bed rest due to Beta Thalassemia (anemia). Plaintiff requested FMLA paperwork for her leave. Alyssia said she would get back to her in three (3) days. Plaintiff received a call from Alyssia several hours later to call Starbucks Benefits for leave of absence and FMLA paperwork. Plaintiff called Starbucks Benefits and requested the FMLA paperwork.

23. On August 13, 2009, Plaintiff was terminated.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – DISCRIMINATION

24. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 23.

25. By the conduct described above, Defendant discriminated against Plaintiff for asserting her FMLA rights.

26. Defendant's actions constitute violations of the FMLA.

27. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Injunctive and/or equitable relief;

    f. Costs and attorney's fees;

    g. For any other relief this Court deems just and equitable.

4

## COUNT II
## FAMILY MEDICAL LEAVE ACT - INTERFERENCE

28. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1 – 24.

29. By the conduct described above, Defendant engaged in unlawful employment practices and interfered with Plaintiff's lawful exercise of her FMLA rights.

30. Defendant's actions constitute violations of the FMLA.

31. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Liquidated damages;

e. Injunctive and/or equitable relief;

f. Costs and attorney's fees;

g. For any other relief this Court deems just and equitable.

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA) – OVERTIME

32. Plaintiff, re-alleges paragraphs 1-24 as though set forth fully herein.

33. At all times material hereto, Plaintiff regularly and routinely worked for Defendant, STARBUCKS in excess of forty (40) hours per work week.

34. Plaintiff does not qualify for any exemptions as stated in the Fair Labor Standards Act (FLSA).

35. At all times material, Defendant, STARBUCKS failed to comply with 29 U.S.C.

§ 201 et seq., in that Defendant did not compensate Plaintiff at the rate of time and one-half of Plaintiff's regular rate for the excess hours worked.

36. Defendant, STARBUCKS failure to pay Plaintiff the required overtime pay was intentional and willful.

37. As a direct and legal consequence of Defendant, STARBUCKS unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, PLAINTIFF respectfully requests all legal and equitable relief allowed by law including judgment against STARBUCKS for:

   a. back pay;
   b. unpaid wages;
   c. liquidated damages;
   d. prejudgment interest;
   e. attorney's fees; and
   f. such other relief as the Court may deems equitable.

## COUNT IV
## BREACH OF IMPLIED IN FACT CONTRACT

38. PLAINTIFF realleges and adopts the allegations stated in Paragraphs 1 through 24, as though fully set forth herein.

39. STARBUCKS breached an implied contract with PLAINTIFF, to pay her for accrued hours . Particularly, PLAINTIFF was not paid for earned vacation or earned personal time off during her employment, and throughout her entire employment with STARBUCKS, she was not paid at one and one-half her hourly rate for all hours worked over 40 hours in a week.

6

40. STARBUCKS manifested assent to the employment contract by initially agreeing and continuing to agree to pay PLAINTIFF for hours worked. Under these circumstances, PLAINTIFF is justified in inferring an agreement to pay her hourly rate for hours earned and for services rendered.

41. Pursuant to Section 448.08 of the Florida Statutes, Plaintiffs, in an action for accrued but unpaid wages, are entitled to costs of the action and a reasonable attorney's fee.

WHEREFORE, PLAINTIFF respectfully requests all legal and equitable relief allowed by law including judgment against STARBUCKS for:

  g. back pay;
  h. unpaid wages;
  i. liquidated damages;
  j. prejudgment interest;
  k. attorney's fees; and
  l. such other relief as the Court may deems equitable.

### DEMAND FOR JURY TRIAL

42. Plaintiff demands a trial by jury on all issues so triable.

DATED: __1/20__, 2010.

FLORIN ROEBIG, P.A.

CHRISTOPHER D. GRAY, ESQUIRE
FL Bar No.: 907804
CDG@florinroebig.com
WOLFGANG M. FLORIN, ESQUIRE
WMF@florinroebig.com
FL Bar No.: 902004
RACHAEL L. WOOD, ESQUIRE
RWOOD@florinroebig.com

7

FL Bar No.: 54102
777 Alderman Road
Palm Harbor, Florida 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiffs